## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EBONY DEW,<br>c/o<br>Werman Salas P.C.<br>335 18th Pl. NE<br>Washington, D.C. 20002,<br><br>and<br><br>KRYSTAL OWENS,<br>c/o<br>Werman Salas P.C.<br>335 18th Pl. NE<br>Washington, D.C. 20002,<br><br>Individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>MINDFINDERS, INC.,<br><br>1200 18th St NW #650,<br>Washington, D.C. 20036,<br><br>              Defendant. | CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Case No. _____<br><br>Jury Demand |

Plaintiffs Ebony Dew and Krystal Owens ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys at Werman Salas P.C. and Michael D. Lore, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## <u>NATURE OF THE ACTION</u>

1.     This lawsuit seeks to recover overtime compensation for Plaintiffs and their similarly situated co-workers who are or were employed by Mindfinders, Inc. ("Mindfinders" or "Defendant") as hourly workers.

1

2.      Plaintiffs, hourly-paid workers employed by Mindfinders, bring this action on behalf of themselves and other current and former hourly workers for Defendant's failure to pay them 1.5 times their regular hourly rate for hours worked over 40 in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"); D.C. Minimum Wage Act, D.C. Code §§ 32-1001 *et seq*. ("DCMWA"); the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq*. ("DCWPCL"); and supporting District of Columbia and Department of Labor regulations (DCMWA, DCWPCL, and supporting D.C. wage regulations collectively "D.C. Wage Laws"); the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.* (the MWHL and MWPCL collectively, "Maryland Wage Laws").

3.      Plaintiffs also brings this action on behalf of themselves and other current and former hourly workers who worked in Washington D.C. for Defendant's failure to pay its employees at least $15 an hour as of July 1, 2020, in violation of the D.C. Wage Laws.

4.      Plaintiffs also bring this action on behalf of themselves and other former hourly workers who worked in Washington D.C. for Defendant's failure to pay discharged employees all wages earned not later than the working day following discharge and/or to pay all employees who quit or resign on the next payday or within seven days, whichever is earlier, in violation of the DCWPCL.

5.      Finally, Plaintiffs bring this action against Defendant on behalf of themselves and similarly situated workers in Washington D.C. to enforce critical rights provided under the D.C. Accrued Safe and Sick Leave Act, D.C. Code §§ 32-531.02 *et seq.* ("Sick Leave Act"), for Defendant's failure to provide Plaintiffs and other employees with paid sick leave.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1337 and diversity jurisdiction under 28 U.S.C. § 1332.

7.      This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8.      This Court has supplemental jurisdiction over the D.C. Wage Law and Maryland Wage Law claims pursuant to 28 U.S.C. § 1367 because they are so closely related to the claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391.

10.      Personal jurisdiction is proper because Defendant transacts business in the District of Columbia, where Plaintiffs' claims arose.  D.C. Code § 13-423.

## THE PARTIES

**Plaintiffs**

**Ebony Dew**

11.      Plaintiff Dew is an adult individual who is a resident of Capitol Heights, Maryland.

12.      Plaintiff Dew was employed by Defendant from approximately August 2018 through approximately September 28, 2020, when, upon information and belief, she was terminated in retaliation for bringing these claims against Mindfinders.

13.      Upon information and belief, Defendant paid Plaintiff Dew her last paycheck on approximately October 1, 2020.

14.     During her employment with Defendant, Plaintiff Dew worked as an Access Control Alarm Monitor Contractor for Mindfinders and was deployed to the Washington D.C. Department of General Services in Washington, D.C.

15.     Plaintiff Dew regularly worked more than 40 hours per week, and frequently worked approximately 60 hours per week.

16.     Defendant paid Plaintiff Dew her regular rate for hours worked over 40 in a workweek rather than 1.5 times her regular rate.

17.     For example, between May 25, 2020 and June 7, 2020, Plaintiff worked 101 hours, which included at least 21 hours of overtime.  However, Defendant did not pay Plaintiff Dew 1.5 times her regular hourly rate for the overtime hours worked.

## Earnings Statement

EBONY DEW

| Pay Date: | 06/11/2020 | Company: OUI53 - MIND FINDERS INC | | Emp #: 0300 |
| Period Start: | 05/25/2020 | 1200 18TH STREET NW SUITE 650 | | Dept: 2 - Consultants |
| Period End: | 06/07/2020 | WASHINGTON DC 20036   (202) 400-2602 | | Pay Basis: Hourly |

| | | Rate | Hours/Units | Current Period | Year To Date |
|---|---|---|---|---|---|
| **Earnings** | | | | | |
| Regular | | 14.89 | 101.00 | 1503.89 | 11476.48 |
| | **Gross** | | 101.00 | 1503.89 | 11476.48 |
| **W/H Taxes** | | | | | |
| Federal W/H(S/1) | | | | 135.49 | 850.12 |
| Medicare | | | | 21.81 | 166.41 |
| Social Security | | | | 93.24 | 711.54 |
| Maryland State W/H(S/1) | | | | 61.39 | 425.79 |
| Wash- D-C- W/H(S/1) | | | | 0.00 | 0.00 |
| Prince Georges County- MD - Res- Lo | | | | 41.36 | 286.85 |
| **Deductions** | | | | | |
| | **Net Pay** | | | 1150.60 | 9035.77 Voucher No. 3978DD |
| **Net Pay Distribution** | | | | | |
| Direct Deposit Net Check | | | | 690.36 | 5421.46 A/C:691 |
| Direct Dep. Distribution 1 | | | | 460.24 | 3614.31 A/C:9474 |

---

Voucher No. 3978DD

MIND FINDERS INC
1200 18TH STREET NW SUITE 650
WASHINGTON, DC   20036

DATE: 06/11/2020

Dept: 2

**Net Pay:**                                                                 **1150.60**

One Thousand One Hundred Fifty And 60/100 Dollars

EBONY DEW

For Record Purposes Only
**NON-NEGOTIABLE**

18.     From July 1, 2020 to the present, Defendant also failed to pay Plaintiff Dew at least the D.C. minimum wage of $15 an hour.  For instance, from July 6, 2020 through July 19, 2020, Defendant paid Plaintiff Dew $14.89 an hour.

| Earnings Statement | | | | | EBONY DEW |
|---|---|---|---|---|---|

| Pay Date: | 07/23/2020 | Company: 0UI53 - MINDFINDERS INC | | | Emp #: 0300 |
|---|---|---|---|---|---|
| Period Start: | 07/06/2020 | 1200 18TH STREET NW SUITE 650 | | | Dept: 2 - Consultants |
| Period End: | 07/19/2020 | WASHINGTON DC 20036   (202) 400-2602 | | | Pay Basis: Hourly |

| | | Rate | Hours/Units | Current Period | Year To Date |
|---|---|---|---|---|---|
| Earnings | | | | | |
| Regular | | 14.89 | 30.50 | 454.15 | 14305.59 |
| | Gross | | 30.50 | 454.15 | 14305.59 |
| WH Taxes | | | | | |
| Federal W/H(S/1) | | | | 14.26 | 1059.41 |
| Medicare | | | | 6.58 | 207.43 |
| Social Security | | | | 28.16 | 886.95 |
| Maryland State W/H(S/1) | | | | 12.49 | 531.00 |
| Wash- D-C- W/H(S/1) | | | | 0.00 | 0.00 |
| Prince Georges County- MD - Res- Lo | | | | 8.41 | 357.72 |
| Deductions | | | | | |
| | Net Pay | | | 384.25 | 11263.08 Voucher No. 4203DD |
| Net Pay Distribution | | | | | |
| Direct Deposit Net Check | | | | 230.55 | 6757.84 A/C: 4961 |
| Direct Dep. Distribution 1 | | | | 153.70 | 4505.24 A/C: 9474 |

|  |  |
|---|---|
| | Voucher No. 4203DD |
| MINDFINDERS INC<br>1200 18TH STREET NW SUITE 650<br>WASHINGTON, D C   20036 | DATE: 07/23/2020 |
| Dept: 2 | |
| **Net Pay:** | **384.25** |
| Three Hundred Eighty Four And 25/100 Dollars | |
| EBONY DEW | For Record Purposes Only<br>**NON-NEGOTIABLE** |

19.     Defendant did not have a paid sick leave policy that complied with the Sick Leave Act and failed to provide Plaintiff Dew with paid sick leave.

20.     Plaintiff Dew is a covered employee within the meaning of the FLSA, D.C. Wage Laws, and the Sick Leave Act.

**Krystal Owens**

21.     Plaintiff Owens is an adult individual who is a resident of Lanham, Maryland.

22.     Plaintiff Owens was employed by Defendant from approximately April 2017 through approximately August 8, 2019, when Plaintiff Owens resigned.

23.     Upon information and belief, Defendant paid Plaintiff Owens her last paycheck on August 23, 2019.

24.     During her employment with Defendant, Plaintiff Owens worked as an Access Control Alarm Monitor Contractor for Mindfinders, among other contracts, and was deployed to the Washington D.C. Department of General Services in Washington, D.C., and to Prince George's Hospital and Imagine Foundation at Morningside in Maryland.

25.     Plaintiff Owens regularly worked more than 40 hours per week, and frequently worked approximately 60 hours per week.

26.     Defendant paid Plaintiff Owens her regular rate for hours worked over 40 in a workweek rather than 1.5 times her regular rate.

27.     For example, between May 13, 2019 and May 26, 2019, Plaintiff Owens worked 134 hours, which included at least 54 hours of overtime.  However, Defendant did not pay Plaintiff Owen 1.5 times her regular hourly rate for the overtime hours worked.

## Earnings Statement

**KRYSTAL OWENS**

| | | |
|---|---|---|
| Pay Date: | 05/31/2019 | Company: OUI53 - MINDFINDERS INC |
| Period Start: | 05/13/2019 | 1200 18TH STREET NW SUITE 650 |
| Period End: | 05/26/2019 | WASHINGTON DC 20036   (202) 400-2602 |

Emp #: 0116
Dept: 2 - Consultants
Pay Basis: Hourly

| | Rate | Hours/Units | Current Period | Year To Date |
|---|---|---|---|---|
| Earnings | | | | |
| Regular | 15.00 | 68.50 | 1027.50 | 13452.66 |
| Dept Rates Regular | 13.85 | 65.50 | 907.18 | 3130.10 |
| Gross | | 134.00 | 1934.68 | 16582.76 |
| W/H Taxes | | | | |
| Federal W/H(S/2) | | | 168.39 | 1602.51 |
| Medicare | | | 28.05 | 240.46 |
| Social Security | | | 119.95 | 1028.13 |
| Maryland State W/H(S/2) | | | 76.09 | 998.24 |
| Prince Georges County- MD - Res- Lo | | | 51.26 | 185.68 |
| Deductions | | | | |
| Net Pay | | | 1490.94 | 12527.75 Voucher No. 740DD |
| Net Pay Distribution | | | | |
| Direct Deposit Net Check | | | 1490.94 | 12527.75 A/C:8333 |

---

Voucher No. 740DD

MINDFINDERS INC
1200 18TH STREET NW SUITE 650
WASHINGTON, DC   20036

DATE: 05/31/2019

Dept: 2

**Net Pay:** **1490.94**

One Thousand Four Hundred Ninety And 94/100 Dollars

KRYSTAL OWENS

For Record Purposes Only
**\*\*NON-NEGOTIABLE\*\***

28. Defendant did not have a paid sick leave policy that complied with the Sick Leave Act and failed to provide Plaintiff Owens with paid sick leave.

29. Plaintiff Owens is a covered employee within the meaning of the FLSA, D.C. Wage Laws, the Sick Leave Act, and the Maryland Wage Laws.

**Defendant Mindfinders, Inc.**

30. Defendant is a Washington D.C. corporation and is headquartered in Washington, D.C.

31. Defendant operates in Washington D.C. and Maryland.

32. Defendant is a covered employer within the meaning of the FLSA, D.C. Wage Laws, the Sick Leave Act, and the Maryland Wage Laws, and at all relevant times employed Plaintiffs and similarly situated current and former hourly workers.

33. Defendant has the power to control the terms and conditions of employment for Plaintiffs and those similarly situated, including with respect to their compensation.

34. During relevant times, Defendant maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including with respect to timekeeping, payroll, and other employment practices that applied to them.

35. Defendant applies the same employment policies, practices, and procedures to all hourly workers.

36. Defendant uniformly failed to pay Plaintiff Dew and other hourly workers at least the full minimum wage.

37. Defendant uniformly failed to pay Plaintiffs and other hourly workers one-and-a-half times their regular hourly rate for hours worked over 40 in a workweek.

38.     Defendant also uniformly failed to pay discharged employees in Washington D.C. all wages earned not later than the working day following discharge and/or to pay all employees in Washington D.C. who quit or resigned on the next payday or within seven days, whichever is earlier in violation of DCWPCL.

39.     Finally, Defendant uniformly failed to provide paid sick leave to Plaintiffs and similarly situated workers in Washington D.C.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

40.     Plaintiffs bring the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated hourly employees who worked for Defendant from October 13, 2017 through the date of final judgment in this matter and who elect to join this action (the "FLSA Collective"). Defendant failed to pay the FLSA Collective 1.5 times their regular rate for hours they worked over 40 in a workweek.

41.     Plaintiffs and the FLSA Collective are similarly situated in that they were subjected to Defendant's common compensation policies, patterns, and/or practices, including without limitation Defendant's failure to pay them overtime premiums.

42.     Plaintiffs and the FLSA Collective all perform or performed non-exempt duties.

43.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs.  There are many similarly situated current and former hourly employees who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join this lawsuit.  Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

44.     All the work that Plaintiffs and the FLSA Collective have performed has been at the direction of Defendant, and/or Defendant has been aware of all the work that Plaintiffs and the FLSA Collective have performed.

45.     As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime for hours that they worked in excess of 40 hours per workweek;

46.     Defendant is aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

## CLASS ACTION ALLEGATIONS: D.C. RULE 23 WAGE CLASS

47.     Plaintiffs bring the Second, Third, and Fourth Causes of Actions under the Federal Rule of Civil Procedure 23, on behalf of themselves and a class of persons consisting of:

> All persons who are or were employed by Defendant as hourly workers who worked in Washington D.C. between October 13, 2017 and the date of final judgment ("DC Rule 23 Wage Class").

48.     Excluded from the D.C. Rule 23 Wage Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the judge(s) to whom this case is assigned and any member of the judge(s)' immediate family.

49.     Also excluded from the D.C. Rule 23 Wage Class are all persons who submit timely and otherwise proper requests for exclusion from the D.C. Rule 23 Wage Class.

50.     The members of the D.C. Rule 23 Wage Class are each so numerous that joinder

of all members is impracticable.  Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

51.     Upon information and belief, the size of the D.C. Rule 23 Wage Class is at least 40 individuals.

52.     Defendant has acted or refused to act on grounds generally applicable to the D.C. Rule 23 Wage Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the D.C. Rule 23 Wage Class as a whole.

53.     Common questions of law and fact exist as to the D.C. Rule 23 Wage Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

      a.     whether Defendant failed to pay Plaintiff Dew and the D.C. Rule 23 Wage Class Members at least the D.C. minimum wage;

      b.     whether Defendant failed to pay Plaintiffs and the D.C. Rule 23 Wage Class Members 1.5 times their regular hourly rate for hours worked over 40 in a workweek;

      c.     whether Defendant failed to pay discharged employees all wages earned not later than the working day following discharge;

      d.     whether Defendant failed to pay all employees who quit or resigned on the next payday or within seven days, whichever is earlier;

      e.     whether Defendant's practice or policy of failing to pay Plaintiffs and the D.C. Rule 23 Wage Class Members the minimum wage, lawful overtime premium, and failing to provide timely payments was done willfully; and

      f.     the nature and extent of class-wide injury and the measure of damages for those injuries.

54.     The claims of Plaintiffs are typical of the claims of the D.C. Rule 23 Wage Class they seek to represent.

55.     Plaintiffs and D.C. Rule 23 Wage Class Members enjoy the same statutory rights under the D.C. Wage Laws (including to be paid the applicable minimum wage for all hours worked).  Plaintiffs and D.C. Rule 23 Wage Class Members have all been injured in that Defendant's pay policies harmed them in the same manner.

56.     Plaintiffs will fairly and adequately represent and protect the interests of the D.C. Rule 23 Wage Class they represent.  Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to represent the interests of the D.C. Rule 23 Wage Class fairly and adequately.  Plaintiffs recognize that as class representatives, they must represent and consider the interests of the D.C. Rule 23 Wage Class just as they would represent and consider their own interests.  Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the interests of the D.C. Rule 23 Wage Class they seek to represent.  Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the D.C. Rule 23 Wage Class.

57.     Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiffs and the members of the D.C. Rule 23 Wage Class.

58.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of employment litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.  The D.C. Rule 23 Wage Class Members have been damaged and are entitled to recovery as a result of Defendant's violations of the D.C. Wage Laws.  Although the relative damages suffered by individual D.C. Rule 23 Wage Class Members

are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's pay practices, and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

59.     This action is properly maintainable as a class action under Rule 23 and D.C. Code § 32-1308.

### CLASS ACTION ALLEGATIONS: RULE 23 D.C. SICK LEAVE CLASS

60.     Plaintiffs bring the Fifth Cause of Action under Rule 23, and D.C. Code §§ 32-531.02 *et seq.* on behalf of themselves and a class of persons consisting of:

> All persons who are or were employed by Defendant as hourly workers who worked in Washington D.C. between October 13, 2017 and the date of final judgment ("DC Rule 23 Sick Leave Class") for at least 90 days.

61.     Excluded from the D.C. Rule 23 Sick Leave Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the judge(s) to whom this case is assigned and any member of the judge(s)' immediate family.

62.     Also excluded from the D.C. Rule 23 Sick Leave Class are all persons who submit timely and otherwise proper requests for exclusion from the D.C. Rule 23 Sick Leave Class.

63.     The members of the D.C. Rule 23 Sick Leave Class are each so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently

within the sole control of Defendant.

64.     Upon information and belief, the size of the D.C. Rule 23 Sick Leave Class is at least 40 individuals.

65.     Defendant has acted or refused to act on grounds generally applicable to the D.C. Rule 23 Sick Leave Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the D.C. Rule 23 Sick Leave Class as a whole.

66.     Common questions of law and fact exist as to the D.C. Rule 23 Sick Leave Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

      a.     whether Defendant failed to provide Plaintiffs and the members of the D.C. Rule 23 Sick Leave Class not less than one hour of paid sick leave for every 37 hours worked, not to exceed 7 days per calendar year;

      b.     whether Defendant failed to provide Plaintiffs and the members of the D.C. Rule 23 Sick Leave Class not less than one hour of paid sick leave for every 43 hours worked, not to exceed 5 days per calendar year;

      c.     whether Defendant failed to provide Plaintiffs and the members of the D.C. Rule 23 Sick Leave Class paid sick leave at their regular rate of pay but not lower than the full minimum wage; and

      d.     whether Defendant's practice or policy of denying paid sick leave was done willfully.

67.     The claims of Plaintiffs are typical of the claims of the D.C. Rule 23 Sick Leave Class they seek to represent.

68.     Plaintiffs and the members of the D.C. Rule 23 Sick Leave Class enjoy the same statutory rights under the D.C. Accrued Safe and Sick Leave Act (including to be provided paid sick leave) and have sustained similar types of damages as a result of Defendant's failure to comply with the D.C. Accrued Safe and Sick Leave Act.  Plaintiffs and the members of the D.C.

Rule 23 Sick Leave Class have all been injured in that they have been denied paid sick leave due to Defendant's policies, practices, and patterns of conduct.

69.     Plaintiffs will fairly and adequately represent and protect the interests of the D.C. Rule 23 Sick Leave Class they seek to represent.  Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to represent the interests of the D.C. Rule 23 Sick Leave Class fairly and adequately.  Plaintiffs recognize that as class representatives, they must represent and consider the interests of the D.C. Rule 23 Sick Leave Class just as they would represent and consider their own interests.  Plaintiffs understand that in making decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the interests of the DC Rule 23 Sick Leave Class they represent.  Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the D.C. Rule 23 Sick Leave Class.

70.     Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiffs and the members of the D.C. Rule 23 Sick Leave Class.

71.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of employment litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.  The D.C. Rule 23 Sick Leave Class Members have been damaged and are entitled to recovery as a result of Defendant's violations of the D.C. Sick Leave Act.  Although the relative damages suffered by individual D.C. Rule 23 Sick Leave Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial resources

to conduct a thorough examination of Defendant's sick leave practices, and to prosecute

vigorously a lawsuit against Defendant to recover damages.  In addition, class litigation is

superior because it will obviate the need for unduly duplicative litigation that might result in

inconsistent judgments about Defendant's practices.

72.    This action is properly maintainable as a class action under Rule 23 and D.C.

Code § 32-1308.

### CLASS ACTION ALLEGATIONS: MARYLAND RULE 23 WAGE CLASS

73.    Plaintiff Owens brings the Sixth and Seventh Causes of Actions under the Federal

Rule of Civil Procedure 23, on behalf of herself and a class of persons consisting of:

> All persons who are or were employed by Defendant as hourly workers who
> worked in Maryland between October 13, 2017 and the date of final judgment
> ("Maryland Rule 23 Wage Class").

74.    Excluded from the Maryland Rule 23 Wage Class are Defendant, Defendant's

legal representatives, officers, directors, assigns, and successors, or any individual who has, or

who at any time during the class period has had, a controlling interest in Defendant; the judge(s)

to whom this case is assigned and any member of the judge(s)' immediate family.

75.    Also excluded from the Maryland Rule 23 Wage Class are all persons who submit

timely and otherwise proper requests for exclusion from the Maryland Rule 23 Wage Class.

76.    The members of the Maryland Rule 23 Wage Class are each so numerous that

joinder of all members is impracticable.  Although the precise number of such persons is not

known to Plaintiff Owens, the facts on which the calculation of that number can be based are

presently within the sole control of Defendant.

77.    Upon information and belief, the size of the Maryland Rule 23 Wage Class is at

least 40 individuals.

78.     Defendant has acted or refused to act on grounds generally applicable to the Maryland Rule 23 Wage Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Maryland Rule 23 Wage Class as a whole.

79.     Common questions of law and fact exist as to the Maryland Rule 23 Wage Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

   a.     whether Defendant failed to promptly pay Plaintiff Owens and the Maryland Rule 23 Wage Class Members 1.5 times their regular hourly rate for hours worked over 40 in a workweek;

   b.     whether Defendant's practice or policy of failing to pay Plaintiff Owens and the Maryland Rule 23 Wage Class Members lawful overtime premium and failing to provide timely payments was done willfully; and

   c.     the nature and extent of class-wide injury and the measure of damages for those injuries.

80.     The claims of Plaintiff Owens are typical of the claims of the Maryland Rule 23 Wage Class she seeks to represent.

81.     Plaintiff Owens and Maryland Rule 23 Wage Class Members enjoy the same statutory rights under the Maryland Wage Laws (including to be paid the applicable minimum wage for all hours worked).  Plaintiff Owens and Maryland Rule 23 Wage Class Members have all been injured in that Defendant's pay policies harmed them in the same manner.

82.     Plaintiff Owens will fairly and adequately represent and protect the interests of the Maryland Rule 23 Wage Class she seeks to represent.  Plaintiff Owens understands that as a class representative, she assumes a fiduciary responsibility to represent the interests of the Maryland Rule 23 Wage Class fairly and adequately.  Plaintiff Owens recognizes that as a class representative, she must represent and consider the interests of the Maryland Rule 23 Wage

Class just as she would represent and consider her own interests.  Plaintiff Owens understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the interests of the Maryland Rule 23 Wage Class she seeks to represent.  Plaintiff Owens recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Maryland Rule 23 Wage Class.

83.     Plaintiff Owens has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Owens and the members of the Maryland Rule 23 Wage Class.

84.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of employment litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.  The Maryland Rule 23 Wage Class Members have been damaged and are entitled to recovery as a result of Defendant's violations of the Maryland Wage Laws.  Although the relative damages suffered by individual Maryland Rule 23 Wage Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiff lacks the financial resources to conduct a thorough examination of Defendant's pay practices, and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

85.     This action is properly maintainable as a class action under Rule 23.

## CAUSES OF ACTION

### COUNT I
### FLSA – Overtime
### (Brought on Behalf of Plaintiffs and the Members of the FLSA Collective)

86.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

87.     The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to Defendant.

88.     Defendant was an employer of Plaintiffs and the FLSA Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

89.     At all relevant times, Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

90.     Defendant has failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

91.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

92.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

93.     As a result of Defendant's willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*., in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

20

## COUNT II
### DCMWA – Minimum Wage
**(Brought on Behalf of Plaintiff Dew and the Members of the D.C. Rule 23 Wage Class)**

94.     Plaintiff Dew re-alleges and incorporates by reference all allegations in all preceding paragraphs.

95.     At all relevant times, Plaintiff Dew and the members of the D.C. Rule 23 Wage Class have been employees and Defendant has been an employer within the meaning of the D.C. Minimum Revision Wage Act.  D.C. Code § 32-1002(2), (3).

96.     Plaintiff Dew and the members of the D.C. Rule 23 Wage Class are covered by the D.C. Minimum Revision Wage Act.

97.     After July 1, 2020, Defendant failed to pay Plaintiff Dew and the members of the D.C. Rule 23 Wage Class an hourly rate of at least the D.C. minimum wage.

98.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Dew and the D.C. Rule 23 Wage Class Members.

99.     Due to Defendant's violations of the D.C. Minimum Wage Revision Act, Plaintiff Dew and D.C. Rule 23 Wage Class Members are entitled to recover from Defendant damages including but not limited to unpaid wages, liquidated damages equal to treble the amount of unpaid wages, and reasonable attorneys' fees and costs of the action.  D.C. Code §§ 32-1012, 32-1308.

## COUNT III
### DCMWA:  Unpaid Overtime Wages
**(Brought on Behalf of Plaintiffs and the Members of the D.C. Rule 23 Wage Class)**

100.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

101.     At all times relevant, Plaintiffs and the members of the D.C. Rule 23 Wage Class

have been employees and Defendant has been an employer within the meaning of the DCMWA.

102.     Plaintiffs and the members of the D.C. Rule 23 Wage Class are covered by the

DCMWA.

103.     Defendant failed to pay Plaintiffs and the members of the D.C. Rule 23 Wage

Class wages to which they are entitled under DCMWA, D.C. Code Ann. § 32-1003(c).

104.     Defendant failed to pay Plaintiffs and the members of the D.C. Rule 23 Wage

Class overtime for hours worked over 40 in a workweek.

105.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records

of time worked by Plaintiffs and the D.C. Rule 23 Wage Class.

106.     Due to Defendant's violations of the DCMWA, Plaintiffs and the members of the

D.C. Rule 23 Wage Class are entitled to recover from Defendant their unpaid wages, liquidated

damages equal to treble the amount of unpaid wages, attorneys' fees and costs of the action, and

pre-judgment and post-judgment interest, as provided by law.

## COUNT IV
### DCWPCL - Failure to Timely Pay All Earned Wages
### (Brought on Behalf of Plaintiffs and the Members of the D.C. Rule 23 Wage Class)

107.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding

paragraphs.

108.     At all times relevant, Plaintiffs and D.C. Rule 23 Wage Class Members have been

employees and Defendant has been an employer within the meaning of the DCWPCL.

109.     Plaintiffs and Rule 23 Wage Class Members are covered by the DCWPCL.

110.     Defendant failed to timely pay D.C. Rule 23 Wage Class Members all wages

earned as required by the DCWPCL, D.C. Code Ann. § 32-1302, including failing to pay

discharged employees all wages earned not later than the working day following discharge

and/or failing to pay all employees who quit or resign on the next payday or within seven days, whichever is earlier in violation of DCWPCL.

111.    Defendant failed to pay D.C. Rule 23 Wage Class Members minimum wage for all hours worked and overtime premiums for hours worked over 40 in a workweek.

112.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and D.C. Rule 23 Wage Class Members.

113.    Due to Defendant's violations of the DCWPCL, Rule 23 Wage Class Members are entitled to recover from Defendant their unlawfully withheld wages, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as provided by law.

## COUNT V
### D.C. Accrued Safe and Sick Leave Act – Failure to Provide Sick Leave
### (Brought on Behalf of Plaintiffs and the Members of the D.C. Rule 23 Sick Leave Class)

114.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

115.    At all relevant times, Plaintiffs and the D.C. Rule 23 Sick Leave Class Members have been employees and Defendant has been an employer within the meaning of the D.C. Accrued Safe and Sick Leave Act.  D.C. Code § 32-531.01(2), (3)(A).

116.    Plaintiffs and the D.C. Rule 23 Sick Leave Class Members are covered by the D.C. Accrued Safe and Sick Leave Act.

117.    Defendant employed Plaintiffs and D.C. Rule 23 Sick Leave Class Members.

118.    Defendant violated the D.C. Accrued Safe and Sick Leave Act, in relevant part, by failing to provide Plaintiffs and D.C. Rule 23 Sick Leave Class Members "not less than one hour of paid leave for every 37 hours worked, not to exceed 7 days per calendar year," for an

employer with 100 or more employees, or "not less than one hour of paid leave for every 43 hours worked, not to exceed 5 days per calendar year," for an employer with 25-99 employees, at the full D.C. minimum wage.  D.C. Code § 32-531.02(g).

119.    Defendant's violations of the D.C. Accrued Safe and Sick Leave Act have been willful and intentional.

120.    Due to Defendant's violations of the D.C. Accrued Safe and Sick Leave Act, Plaintiffs and D.C. Rule 23 Sick Leave Class Members are entitled to recover from Defendant damages including but not limited to lost wages, statutory penalties, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.  D.C. Code § 32-531.12(b), (c), (e), (g).

### COUNT VI
### MWHL:  Unpaid Overtime Wages
### (Brought on Behalf of Plaintiff Owens and the Members of the Maryland Rule 23 Wage Class)

121.    Plaintiff Owens realleges and incorporates by reference all allegations in all preceding paragraphs.

122.    At all times relevant, Plaintiff Owens and the members of the Maryland Rule 23 Wage Class have been employees and Defendant has been an employer within the meaning of the MWHL.

123.    Plaintiff Owens and the members of the Maryland Rule 23 Wage Class are covered by the MWHL.

124.    Defendant failed to pay Plaintiff Owens and the members of the Maryland Rule 23 Wage Class wages to which they are entitled under MWHL. Md. Code, Lab. & Empl. Art. § 3-415.

125.    Defendant failed to pay Plaintiff Owens and the members of the Maryland Rule 23 Wage Class overtime for hours worked over 40 in a workweek.

126.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the Maryland Rule 23 Wage Class.

127.    Due to Defendant's violations of the MWHL, Plaintiffs and the members Maryland Rule 23 Wage Class are entitled to recover from Defendant their unpaid wages, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as provided by law.

### COUNT VII
**MWPCL - Failure to Timely Pay All Earned Wages**
**(Brought on Behalf of Plaintiff Owens and**
**the Members of the Maryland Rule 23 Wage Class)**

128.    Plaintiff Owens re-alleges and incorporates by reference all allegations in all preceding paragraphs.

129.    At all times relevant, Plaintiff Owens and Maryland Rule 23 Wage Class Members have been employees and Defendant has been an employer within the meaning of the MWPCL.

130.    Plaintiff Owens and Maryland Rule 23 Wage Class Members are covered by the MWPCL.

131.    The MWPCL requires employers to promptly pay employees "all compensation that is due to an employee for employment." Md. Code, Lab. & Empl. Art., § 3-501(c)(1).

132.    The "compensation" required to be paid by the MWPCL includes overtime wages. *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

133.     Defendant violated the MWPCL by knowingly failing to promptly pay Plaintiff Owens and Maryland Rule 23 Wage Class Members all compensation that was due to them.

134.     Defendant's MWPCL violations were willful.

135.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Owens and Maryland Rule 23 Wage Class Members.

136.     Due to Defendant's violations of the MWPCL, Rule 23 Wage Class Members are entitled to recover from Defendant their unlawfully withheld wages, liquidated damages for three times the amount of unpaid wages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as provided by law.

**COUNT VIII**
**FLSA - Retaliation**
**(Brought on Behalf of Plaintiff Dew)**

137.     Plaintiff Dew re-alleges and incorporates by reference all allegations in all preceding paragraphs.

138.     Defendant was an employer of Plaintiff Dew and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

139.     At all relevant times, Plaintiff Dew was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

140.     Plaintiff Dew attempted to enforce her rights under the FLSA by retaining an attorney who sent a letter to Defendant outlining its unlawful behavior.

141.     In response to the letter from Plaintiff Dew's attorneys, Defendant retaliated against Plaintiff Dew by terminating her.

142.     A reasonable employee would have found this retaliation to be materially adverse. This retaliation would dissuade a reasonable employee from making or supporting a complaint

26

about wage and hour violations.

143.     Plaintiff Dew has suffered damages, including but not limited to back pay, front pay, emotional distress damages and reputational injury as a result of Defendant's retaliation.

144.     Defendant's retaliation altered the terms and conditions of Plaintiff Dew's employment.

145.     Plaintiff Dew is entitled to equitable relief; monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages, and other appropriate relief.

**COUNT IX**
**DCMWA - Retaliation**
**(Brought on Behalf of Plaintiff Dew)**

146.     Plaintiff Dew re-alleges and incorporates by reference all allegations in all preceding paragraphs.

147.     At all times relevant, Plaintiff Dew has been an employee and Defendant has been an employer within the meaning of the DCMWA.

148.     Plaintiff Dew is covered by the DCMWA.

149.     Plaintiff Dew attempted to enforce her rights under the DMWA by retaining an attorney who sent a letter to Defendant outlining its unlawful behavior.

150.     In response to the letter from Plaintiff Dew's attorneys, Defendant retaliated against Plaintiff Dew by terminating her.

151.     A reasonable employee would have found this retaliation to be materially adverse. This retaliation would dissuade a reasonable employee from making or supporting a complaint about wage and hour violations.

152.     Plaintiff Dew has suffered damages, including but not limited to back pay, front

pay, emotional distress damages and reputational injury as a result of Defendant's retaliation.

153.    Defendant's retaliation altered the terms and conditions of Plaintiff Dew's employment.

154.    Plaintiff Dew is entitled to equitable relief; monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages, civil penalties, and other appropriate relief.

## **PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are members of the FLSA Collective.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime;

B.    Certification of the D.C. Rule 23 Wage Class pursuant to Federal Rule of Civil Procedure 23;

C.    Certification of the D.C. Rule 23 Sick Leave Class pursuant to Federal Rule of Civil Procedure 23;

D.    Certification of the Maryland Rule 23 Wage Class pursuant to Federal Rule of Civil Procedure 23;

E.    Designation of Plaintiff Dew as a Class Representative for the D.C. Rule 23 Wage Class and the D.C. Rule 23 Sick Leave Class;

F.    Designation of Plaintiff Owens as a Class Representative for the D.C. Rule 23

Wage Class, the D.C. Rule 23 Sick Leave Class, and the Maryland Rule 23 Wage Class;

     G.     Designation of counsel of record as Class Counsel for the D.C. Rule 23 Wage

Class, the D.C. Rule 23 Sick Leave Class, and the Maryland Rule 23 Wage Class;

     H.     Declaratory relief, including a declaration that the practices complained of in this

Class Action Complaint are unlawful;

     I.     Equitable and injunctive relief, including but not limited to an order enjoining

Defendant from continuing its unlawful practices;

     J.     Monetary relief, including compensation for the value of any paid sick leave

denied by Defendant, unpaid wages, statutory damages, consequential damages, civil penalties,

liquidated damages, and punitive damages;

     K.     Pre- and post- judgment interest;

     L.     Attorneys' fees and costs to the extent allowable by law;

     M.     Payment of service awards to Plaintiffs, in recognition of the services they

rendered, and will continue to render, to the D.C. Rule 23 Wage Class, the D.C. Rule 23 Sick

Leave Class, and the Maryland Rule 23 Wage Class; and

     N.     Such other relief as the Court deems just and proper.

Dated: October 13, 2020

Respectfully submitted,

Sally J. Abrahamson (Bar No. 999058)
Werman Salas P.C.
335 18th Pl. NE
Washington, D.C. 20002
Tel.: (202) 744-1407
Email: sabrahamson@flsalaw.com

Michael D. Lore *(pro hac vice forthcoming)*
MICHAEL D. LORE, P.C.
8 Greenway Plaza, Suite 1500
Houston, TX  77046
Telephone: (713) 782-5291
mlore@lorefirm.com

*Attorneys for Plaintiffs and the Putative
Collective and Classes*